UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

STEPHEN LOTHAMER,

                Plaintiffs,

**COMPLAINT**

v.

MICHIGAN STATE POLICE,

                Defendants.

Jonathan D. Browning (P77144)
Jonathan Browning, P.L.L.C.
Attorney for Plaintiffs
200 N. Division Ave.
Grand Rapids, MI 49503
(616) 458-4670

    *There is no other pending or resolved civil action arising out of the transaction or occurrence alleged in this complaint pending in this court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge.*

## **COMPLAINT**

**PARTIES**

    1.    Plaintiff Steven Lothamer is an adult resident of the state of Michigan.

    2.    Plaintiff Steven Lothamer is a resident of the town of Reading, in Hillsdale County, in the Western District of Michigan.

3. Defendant Michigan State Police is a governmental entity headquartered in Lansing, Michigan.

STATEMENT OF FACTS

4. Plaintiff Steven Lothamer suffers from the disability of deafness. His hearing is greatly compromised and he struggles to hear in daily life.

5. Mr. Lothamer has also suffered extensive injuries to his shoulder and right arm in previous accidents that were work-related.

6. Mr. Lothamer qualifies as disabled under the Americans With Disabilities Act (ADA).

7. Mr. Lothamer qualifies as a member of a protected class due to his

8. Mr. Lothamer's disabilities were known to the responding police officer because of their earlier dealings with one another.

9. On November 12, 2015, Steven Lothamer had a dispute with a creditor, causing the attempted repossession of his vehicle, a Ford Mustang.

10. Mr. Lothamer was in the process of unhooking the chain from his vehicle so that the tow that the wrecker was attempting would not damage his carport.

11. The wrecker continued to try to take the Mustang and so Michelle Lothamer called 911.

12. The police were called by Mrs. Lothamer regarding the attempted repossession of his vehicle.

13. However, upon arrival responding officers arrested Mr. Lothamer.

14. In executing this arrest, the officer damaged a shoulder that was previously injured. This injury was known to the officer, Britt Owen, who handcuffed him in this manner.

15. Mr. Lothamer stated many times that he was in pain due to his shoulder being moved in a way, that, he, due to his previous injuries, could no longer tolerate.

16. Mr. Lothamer requested continually while he was in the patrol car for relief form this painful procedure.

17. Mr. Lothamer requested to be taken to the hospital because he knew that this had caused extensive damage to an already damaged shoulder.

18. Finally, upon arrival at the jail, other officers instructed Officer Owen to remove the handcuffs.

19. On November 14, 2013, Mr. Lothamer was examined at Allegiance Health Medical Center in Jackson, Michigan.  Extensive damage to his shoulder was found by Dr. Tudor, the examining physician.

## COUNT ONE—VIOLATIONS OF CIVIL RIGHTS

20. Mr. Lothamer is a member of a protected class due to his disabilities of deafness and his shoulder impairments.

21. Federal law prohibits discrimination against persons with disabilities under Title VII as well as the Americans With Disabilities Act of 1990 (ADA).

22. The conditions of Mr. Lothamer are qualifying disabilities because they interfere with major life activities.

23. Mr. Lothamer's disabilities, despite being known to Officer Owen, were not considered in the handling of his 911 call.

24. Exacerbating the situation is the fact that Mr. Lothamer should not have been immediately arrested when the officers arrived, having been the one to place the call.

25. Mr. Lothamer has, in attempting to file public complaints against public employees, exhausted his administrative remedies.

## **COUNT TWO – NEGLIGENCE**

26. Police officers working for the Michigan state police had a duty to Steven Lothamer.

27. Police officers breached that duty when they handcuffed him behind his back despite known injuries to his right arm.

28. Officer Owen further breached that duty when he refused to take action when Mr. Lothamer was showing clear signs of being in pain.

29. Mr. Lothamer suffered physical damage in the form of a worsened shoulder injury as a result of the actions of the defendant and its agents.

30. Defendant is liable to Mr. Lothamer for negligence.

WHEREFORE, Plaintiff STEVEN LOTHAMER respectfully requests that this Court enter Judgment against the Defendant, and award whatever amount he may be found to be entitled, together with interest, costs, reasonable attorney fees, and the following damages listed but not limited to:

    1. Actual damages;

    2. Consequential damages;

    3. Economic damages;

and such other relief as the court deems just under these circumstances.

Respectfully submitted:

Dated: November \_\_\_, 2015

_____
Jonathan D. Browning (P77144)
Jonathan Browning, P.L.L.C.
Attorney for Plaintiff
200 North Division Avenue
Grand Rapids, MI 49503
(616) 458-4670