UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEPHEN LOTHAMER,

       Plaintiff,                              Hon. Ellen S. Carmody

v.                                                   Case No. 1:15-cv-1211

BRITT OWEN, et al.,

       Defendants.
_____/

## OPINION

This matter is before the Court on <u>Defendant Owen's Motion to Dismiss and/or for Summary Judgment</u>. (ECF No. 47). Following the initiation of this matter, the parties consented to proceed in this Court for all further proceedings, including trial and an order of final judgment. 28 U.S.C. § 636(c)(1). By Order of Reference, the Honorable Janet T. Neff referred this case to the undersigned. (ECF No. 29). For the reasons discussed herein, Defendant's motion is **granted in part and denied in part** and this matter **terminated**.

## BACKGROUND

In his First Amended Complaint, Plaintiff alleges the following. (ECF No. 7). Plaintiff suffers from "greatly compromised" hearing and "extensive" injuries to his right shoulder. On November 12, 2015, Plaintiff "had a dispute with a creditor, causing the attempted repossession of" Plaintiff's vehicle. After unsuccessfully attempting to prevent this repossession, Plaintiff contacted the police. Michigan State Trooper Britt Owen responded to Plaintiff's residence after which he placed Plaintiff under arrest. In the process of arresting Plaintiff, Trooper Owen

handcuffed Plaintiff in a manner that exacerbated Plaintiff's right shoulder injury. Trooper Owen refused Plaintiff's requests "for relief from this painful procedure." Subsequent examination of Plaintiff's right shoulder revealed "extensive damage" which "caused a rapid deterioration in the use and function of his shoulder" which "prevented [Plaintiff] from continuing his career in commercial driving."

Plaintiff later initiated the present action against Trooper Owen and the Michigan State Police. Plaintiff alleges that Defendants: (1) violated his rights under Title VII of the Civil Rights Act of 1964; (2) violated his rights under the Americans with Disabilities Act; and (3) violated his rights under Michigan law by acting negligently. Plaintiff's claims against the Michigan State Police were subsequently dismissed. (ECF No. 18). Defendant Owen now moves for dismissal of Plaintiff's claims or, in the alternative, for summary judgment. Plaintiff has failed to respond to Defendant's motion.

## ANALYSIS

**I.        Title VII and Americans with Disabilities Act (ADA)**

Plaintiff alleges that he is a member of a protected class by virtue of his physical disabilities and, moreover, that Title VII and the ADA prohibit discrimination against individuals that suffer from such physical disabilities. Plaintiff further alleges that Defendant Owen discriminated against him on the basis of his disability in violation of Title VII and the ADA.

Neither of these claims are cognizable, however. Title VII protection does not extend to disability discrimination claims. *See, e.g., Mitchell v. Chapman*, 343 F.3d 811, 824 n.12 (6th Cir. 2003) ("Title VII does not address disability discrimination"); *Clark v. City of Dublin*, 178 Fed.

Appx. 522, 524 (6th Cir., Apr. 27, 2006) ("Courts have explicitly held that Title VII does not cover age or disability discrimination claims"). Likewise, the ADA does not impose liability upon individuals. *See, e.g., Lee v. Michigan Parole Board*, 104 Fed. Appx. 490, 493 (6th Cir., June 23, 2004) ("Lee may not maintain an action under the ADA or the RA against the individual defendants identified in his complaint because neither the ADA nor the RA impose liability upon individuals"). Accordingly, Plaintiff's Title VII and ADA claims are dismissed for failure to state a claim on which relief may be granted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).

**II.        State Law Claim**

Pursuant to 28 U.S.C. § 1367(c)(3), the district court may decline to exercise supplemental jurisdiction over a state law claim if it "has dismissed all claims over which it has original jurisdiction." Indeed, "if the federal claims are dismissed before trial. . .the state claims should be dismissed as well." *Taylor v. First of America Bank - Wayne*, 973 F.2d 1284, 1287 (6th Cir. 1992) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)); *see also*, *Bah v. Attorney General of the State of Tennessee*, 610 Fed. Appx. 547, 555 (6th Cir., May 8, 2015) (same). Accordingly, the Court declines to exercise jurisdiction over Plaintiff's remaining state law claim and instead dismisses such without prejudice so that Plaintiff may pursue such in the appropriate state forum.

An Order consistent with this Opinion will enter.


Date: April 24, 2017                                        /s/ Ellen S. Carmody
                                                            ELLEN S. CARMODY
                                                            United States Magistrate Judge